UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON JUSTIN FULK,<br>Plaintiff,<br>v.<br>JOHN DOES 1-3,<br>Defendants. | CASE NO. 3:26-cv-05864-LK-GJL<br>ORDER DECLINING SERVICE |

Plaintiff Aaron Justin Fulk, proceeding *pro se,* filed this civil rights action under 42 U.S.C. § 1983. Dkt. 4. The filing fee has been paid. *See docket.* Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds the Complaint deficient and declines to order service upon any Defendant at this time. Instead, the Court provides Plaintiff leave to file an amended pleading by **October 12, 2026,** to cure the deficiencies identified below.

Additionally, because he has not demonstrated circumstances warranting the appointment of counsel at this time, Plaintiff's Motion to Appoint Counsel (Dkt. 6) is **DENIED without prejudice**.

//

## I. BACKGROUND

Plaintiff, an individual currently detained at Western State Hospital ("WSH"), initiated this action challenging the conditions of confinement at that facility. Dkt. 4. In particular, Plaintiff alleges that three unidentified "John Doe" Defendants opened approximately ten pieces of legal mail outside his presence. *Id.* at 4–8. Plaintiff alleges the mail opened by these unidentified Defendants was sent to him by the American Civil Liberties Union ("ACLU"), a United States District Court, and the law firm Ballard Spahr. *Id.* Given the address information on the mail, Plaintiff contends it was clearly identifiable as legal mail and thus should not have been opened without him being present. *Id.*

Plaintiff contends that various constitutional violations resulted from the challenged conduct and organizes his claims for relief into three Counts. *Id.* Specifically, Plaintiff alleges a First Amendment violation in Count I, a Fifth Amendment violation in Count II, and a Sixth Amendment violation in Count III. *Id.* Plaintiff also references a possible theory under the Fourteenth Amendment and interference with his right to access the courts. *Id.* at 5, 8.

As relief, Plaintiff seeks $350,000 in damages and an order directing WSH to "quit opening people's legal mail." *Id.* at 9.

## II. PLAINTIFF'S DETENTION STATUS

Before screening the Complaint, the Court notes that, in identifying his detention status, Plaintiff states that he is "N.G.R.I. detained at Western State Hospital." Dkt. 4 at 3. Elsewhere in his Complaint, however, Plaintiff references "pending criminal proceedings." *Id.* at 8. The Court therefore understands Plaintiff to allege that he is presently detained at WSH in connection with pending criminal proceedings with a possible plea of Not Guilty by Reason of Insanity ("N.G.R.I.") and screens the Complaint as required by the Prison Litigation Reform Act of 1996 ("PLRA"). 28 U.S.C. § 1915A(a); *Page v. Torrey*, 201 F.3d 1136, 1139–40 (9th Cir. 2000)

(holding that the PLRA's definition of "prisoner" applies only to individuals "currently detained as a result of accusation, conviction, or sentence for a criminal offense").

If, instead, Plaintiff has been civilly committed to WSH following a final adjudication and acquittal by N.G.R.I., then he does not qualify as a "prisoner" subject to the PLRA's screening provisions. *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) ("[T]he court concludes that because plaintiff was adjudicated [N.G.R.I.] and committed to the hospital as a result of that adjudication, he is not a prisoner as defined under the PLRA[.]").

Accordingly, in any amended pleading, Plaintiff must clearly identify the basis for his present confinement, including whether he is detained in connection with pending criminal proceedings with a present plea of N.G.R.I. or civilly committed following a final adjudication and acquittal by N.G.R.I.[1]

## III. SCREENING STANDARD

Under the PLRA, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193,

[1] Any amended pleading demonstrating that Plaintiff is not a "prisoner" subject to screening under the PLRA may still be screened to determine if this action should be permitted to proceed in accordance with Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has explained that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Sparling v. Hoffman Construction Co. Inc*., 864 F.2d 635, 638 (9th Cir. 1988), *abrogated on other grounds, Smith v. Spizzirri*, 601 U.S. 472, 475 (2024)); *Omar v. Sea-Land Service, Inc*., 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss a deficient complaint); *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, and may be dismissed *sua sponte* before service of process."), *abrogated on other grounds Neitzke v. Williams*, 490 U.S. 319, 320 (1989)).

1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in a complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous and without leave to amend. *See Neitzke*, 490 U.S. at 327.

Additionally, once a *pro se* plaintiff has been given leave to amend and instructed on how to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies that remain. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because *pro se* prisoner plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment) and *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.")).

## IV. DISCUSSION

The Court first notes that all the § 1983 claims in Plaintiff's Complaint are asserted against unidentified "John Doe" Defendants. Liberally construed, the Court can discern which allegations Plaintiff attributes generally to the "John Doe" Defendants, but Plaintiff provides little factual detail differentiating the Defendants' individual conduct. In any amended pleading, Plaintiff must take care to distinguish among the separate "John Doe" Defendants and allege what each Defendant did or failed to do and how that Defendant's conduct caused a violation of Plaintiff's constitutional rights. Plaintiff must also provide sufficient identifying information to permit service upon each Defendant, as discussed in Section D below.

Plaintiff's Complaint also suffers from other deficiencies, including (A) failure to state a claim under the Sixth Amendment, (B) failure to state a due process claim under the Fifth and Fourteenth Amendments, and (C) failure to state an access to courts claim. Each of these deficiencies is discussed in turn.

**A. Sixth Amendment Legal Mail Claim**

First, Plaintiff alleges that, by opening Plaintiff's legal mail outside his presence, the unidentified Defendants violated his rights under the First and Sixth Amendments (Counts I and III, respectively). Dkt. 4 at 4–5, 7–8. Although the factual details demonstrating any particular individual's personal participation in the challenged conduct are sparse, it appears Plaintiff has otherwise identified a viable theory for a First Amendment violation. *Id.* at 4–5. Plaintiff does not, however, state a viable claim under the Sixth Amendment. *Id.* 7–8.

Explained further, individuals corresponding with their attorneys have a First Amendment right to be present when their legal mail is inspected. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) ("[Those in custody] have a protected First Amendment interest in having properly marked legal mail opened only in their presence."). If an individual is corresponding with their attorney on a criminal matter, the Sixth Amendment provides further protection by preventing prison officials from reading their legal materials during a mail inspection. *Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014). However, because the Sixth Amendment protections apply only to criminal prosecutions, *United States v. Ward*, 448 U.S. 242, 248 (1980), legal correspondence about civil matters is not given this additional layer of constitutional protection.

Plaintiff alleges that, on multiple occasions, correspondence he contends was clearly marked as legal mail was opened outside his presence. *Id.* at 4–8. Liberally construed, these allegations may support a First Amendment theory based on the opening of protected legal mail

outside Plaintiff's presence. *See Hayes*, 849 F.3d at 1211. They do not, however, establish a separate Sixth Amendment violation.

Plaintiff does not allege facts demonstrating that any Defendant opened and read confidential correspondence between Plaintiff and his defense counsel concerning an ongoing criminal prosecution. *See Nordstrom*, 762 F.3d at 909. The allegation that correspondence was legal mail and was opened for inspection outside Plaintiff's presence, without more, is insufficient to state a Sixth Amendment claim.

Accordingly, Plaintiff fails to state a cognizable Sixth Amendment claim. In any amended pleading, Plaintiff should omit this claim unless he can allege sufficient facts demonstrating that a Defendant read protected attorney-client correspondence concerning a criminal prosecution and thereby violated his Sixth Amendment rights.

**B. Fifth and Fourteenth Amendment Due Process Claims**

Plaintiff also alleges violations of his right to due process under the Fifth and Fourteenth Amendments. Dkt. 4 at 6–8.

First, in Count II, Plaintiff alleges a violation of the Fifth Amendment to the United States Constitution. *Id.* at 5–6. "The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States." *Castillo v. McFadden,* 399 F.3d 993, 1002 n. 5 (9th Cir. 2005). Plaintiff's allegations concern the handling of legal mail at WSH, which is an agency of the State of Washington, and his claims are against WSH employees, who are state employees. Dkt. 4 at 2, 4–8. Because Plaintiff is in state custody and challenges the conduct of state officials, any due process claim against them must proceed, if at all, under the Fourteenth Amendment, not the Fifth Amendment.

Next, in Count III, Plaintiff suggests the alleged interference with his legal mail may also violate his due process rights under the Fourteenth Amendment "if state officials committed these acts." *Id.* at 8. Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v. McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995). "At its core, the constitutional requirement of due process requires 'some kind of notice and…some kind of hearing.'" *Altiero v. Cnty. of Spokane*, 766 F. Supp. 3d 1108, 1117–18 (E.D. Wash. 2025), *aff'd*, No. 25-1588, 2026 WL 2255441 (9th Cir. Aug. 5, 2026) (quoting *Goss v. Lopez*, 419 U.S. 565, 579 (1975)). The due process guarantees of the Fourteenth Amendment thus "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).

Plaintiff does not identify a protected liberty or property interest that he was allegedly deprived of without being afforded adequate procedural protections. Rather, his allegations concern Defendants' opening and handling of his legal correspondence. Dkt. 4 at 4–8. As discussed above, such allegations are properly analyzed under the First Amendment and Plaintiff fails to state a separate procedural due process claim based on these allegations.

Furthermore, any contention that the alleged opening of Plaintiff's legal mail resulted in the destruction of Plaintiff's personal property is foreclosed by adequate post-deprivation procedures afforded under Washington State law. It is well established that if a prisoner alleges deprivation of property by the unauthorized acts of state officials, either negligent or intentional, they cannot state a constitutional claim where an adequate state post-deprivation remedy exists. *See Zinermon v. Burch*, 494 U.S. 113, 129–32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13, 533 (1984) (holding unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available); *Parratt v. Taylor*, 451

U.S. 527, 535–44 (1981) (no due process violation for negligent loss of prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

Revised Code of Washington ("RCW") § 4.92.090 provides that "[t]he state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation." Further, under RCW § 72.02.045, the state and/or state officials may be liable for the negligent or intentional loss of inmate property. And RCW § 4.96.010 also provides that, "all local governmental entities…shall be liable for damages arising out of their tortious conduct."

The procedures available under RCW are consistently upheld as providing an adequate post-deprivation remedy to address an unauthorized intentional or negligent loss or deprivation of property by state officials. *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir. 1989) (finding RCW § 4.92 provided an adequate post-deprivation remedy for the unauthorized deprivation of property); *Wright v. Riveland*, 219 F.3d 905 (9th Cir. 2000) (same); *Sandoval v. Ducharme*, 217 F.3d 846 (9th Cir. 2000) (same).

Because Washington State law provides an adequate statutory remedy for wrongful deprivation of property, Plaintiff's allegations pertaining to the unauthorized opening of his legal mail by WSH employees do not establish a viable theory for a due process violation. Plaintiff's Complaint therefore fails to state a cognizable due process claim. Given the nature of the deficiencies addressed above, the Court finds it unlikely that Plaintiff will be able to cure his due process claims through amendment. As such, Plaintiff should not include such a claim in his amended pleadings unless he can plead facts sufficient to overcome the identified deficiencies.

**C. Access to Courts**

Next, while not pled as a separate claim for relief, Plaintiff alleges that the unidentified Defendants' handling of his legal mail interfered with his ability to "access the courts." Dkt. 4 at

5. This isolated allegation does not satisfy Rule 8's requirement that the Complaint provide a short and plain statement showing that Plaintiff is entitled to relief and, in its current form, the Complaint would not provide any Defendant sufficient notice of the factual basis and nature of an access to courts claim alleged against them. *See* Fed. R. Civ. P. 8(a)(2). Accordingly, to the extent Plaintiff intends to assert a separate access to courts claim against any Defendant, it is insufficiently pled under Rule 8.

Even assuming Plaintiff adequately pled an access to courts claim under Rule 8, his allegations do not state a cognizable constitutional violation. Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right of access to the courts applies to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *Lewis v. Casey*, 518 U.S. 343 at 353 n. 3, 354–55 (1996). Even where the right applies, however, it is limited to a prisoner's ability to access the courts and does not guarantee the ability to discover legal claims or effectively litigate one's claims in court. *See Lewis*, 518 U.S. at 354–55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

In addition, a plaintiff must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *See Lewis*, 518 U.S at 349. To satisfy the actual injury requirement, plaintiffs must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Plaintiff's allegations do not satisfy the actual-injury requirement of an access to courts claim. Throughout the Complaint, Plaintiff alleges that, on approximately ten occasions, unidentified Defendants opened correspondence that was readily identifiable as legal mail outside his presence. Dkt. 4 at 4–8. But Plaintiff does not contend that the challenged conduct prevented him from presenting any nonfrivolous legal claims or complying with filing deadlines in any ongoing proceedings covered by the right to access the courts. Plaintiff's general assertion that the handling of his legal mail interfered with his "access [to] the courts," is insufficient to state an access to courts claim. *Id.* at 5. Accordingly, Plaintiff fails to state a claim for denial of access to the courts and Plaintiff should not include such a claim in any amended pleading unless it can be supported with sufficient factual detail to overcome the above-identified deficiencies.

**D. Federal Rule of Civil Procedure 4(m) and Unidentified Defendants**

Finally, in addition to the substantive deficiencies addressed in Sections A–C above, Plaintiff's Complaint has another practical deficiency impeding service upon any Defendant. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. *Id.* Unless the plaintiff can show good cause for his failure to serve, the Court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. *Id.*

In cases involving a plaintiff proceeding IFP, "an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal [Service ("USMS")] for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the [USMS] or the court clerk has failed to perform [their] duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds, Sandin*, 515 U.S. 472. That is, so long as the *pro se* prisoner provides sufficient information to accurately identify and serve the defendant, the

USMS's failure to effect service is "automatically good cause" to avoid dismissal of the unserved defendant under Rule 4(m). *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). But, where a *pro se* prisoner plaintiff fails to provide accurate and sufficient information for the USMS to accomplish service, dismissal of unserved defendants is appropriate. *Id.* at 1421–22.

Here, Plaintiff has paid the filing fee. *See docket.* He is thus not eligible to proceed IFP in this action and is not entitled to rely on the USMS to effect service. Nevertheless, the Court ordinarily assists in accomplishing service of civil rights complaints filed my incarcerated litigants once the pleading is screened in accordance with the PLRA and deemed sufficient for service. Even if the Court had found the instant Complaint sufficient for service, however, Plaintiff has not provided sufficient information for the Court to assist in effecting service upon any Defendant. While Plaintiff alleges that the unidentified Defendants are employees of WSH such that service may be attempted there, Plaintiff does not include sufficient identifying information for these individuals to ensure service upon the *correct* WSH employees.

Accordingly, in any amended pleading, Plaintiff must provide accurate and sufficient information to permit service upon each Defendant and avoid dismissal of unserved Defendants under Rule 4(m).

## V. MOTION TO APPOINT COUNSEL

Shortly after initiating this action, Plaintiff filed a Motion to Appoint Counsel. Dkt. 6.

There is no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). In "exceptional circumstances," however, a district court may appoint voluntary counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly

28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Here, Plaintiff has yet to file pleadings adequate for service and, without a viable complaint and responsive pleadings, Plaintiff is unable to demonstrate a likelihood of success on the merits. Thus, Plaintiff has failed to show the appointment of counsel is appropriate at this time.

Accordingly, the Motion for Counsel (Dkt. 6) is **DENIED without prejudice**.

## VI. CONCLUSION AND INSTRUCTIONS

Because of the deficiencies described above, the Court **DECLINES** to order service of the Complaint. Instead, Plaintiff is **GRANTED LEAVE** to file an amended complaint correcting the above-stated deficiencies on or before **October 12, 2026**.

The Court **WILL** screen the amended complaint to determine if service upon any defendant is appropriate. The amended complaint **MUST** contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right or other sufficient identifying information; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief **MUST** be simple, concise, and direct.

Plaintiff **SHALL** present the amended complaint on the court-provided form. The amended complaint **MUST** be filed under the same case number as this one and will operate as

a **complete substitute** for Plaintiff's original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **MUST** be legibly rewritten or retyped in its entirety. This means, the amended complaint **MUST** be an original document, not a compilation of previously submitted materials, and it **MAY NOT** incorporate any part of the original complaint by reference.

If Plaintiff fails to file an amended complaint complying with these requirements or if he fails to cure the above-stated deficiencies by **October 12, 2026**, the Court **MAY recommend dismissal** of this action. The Clerk is **DIRECTED** to send Plaintiff the appropriate forms for filing a prisoner civil rights complaint. The Clerk is further **DIRECTED** to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

Dated this 10th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge