UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON JUSTIN FULK,<br>Plaintiff,<br>v.<br>JOHN DOES 1-3,<br>Defendants. | CASE NO. 3:26-cv-05864-LK-GJL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE |

This prisoner civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. Currently before the Court is Plaintiff Aaron Justin Fulk's second Motion to Appoint Counsel. Dkt. 8. Because Plaintiff has not demonstrated circumstances warranting appointment of counsel at this time, his Motion (Dkt. 8) is **DENIED without prejudice**.

## I. BACKGROUND

Plaintiff is currently detained at Western State Hospital and initiated this action challenging his confinement at that facility. Dkt. 4. The filing fee has been paid. *See docket*. Approximately three weeks after filing his Complaint, Plaintiff filed his first Motion to Appoint Counsel. Dkt. 6.

On September 10, 2026, the Court screened and declined to direct service of Plaintiff's Complaint, identifying several deficiencies that must be cured before Plaintiff may proceed in this action. Dkt. 7. The Court granted Plaintiff leave to file an amended pleading curing those deficiencies on or before October 12, 2026. *Id.* In the same Order, the Court considered Plaintiff's first Motion to Appoint Counsel. *Id.* at 12–13. Because Plaintiff had not yet presented a pleading sufficient for service, the Court found Plaintiff had not demonstrated a likelihood of success on the merits or otherwise established circumstances warranting appointment of counsel at that stage of the proceedings. *Id.* The Court therefore denied Plaintiff's first Motion to Appoint Counsel without prejudice. *Id.*

The following day, the Court received Plaintiff's second Motion to Appoint Counsel, which is signed and dated by Plaintiff as prepared on September 5, 2026. Dkt. 8.

## II. LEGAL STANDARD

There is no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint voluntary *pro bono* counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and

an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

## III. DISCUSSION

In his second Motion to Appoint Counsel, Plaintiff represents that he is unable to afford counsel and that he has requested leave to proceed *In Forma Pauperis* ("IFP") in this action. Dkt. 8. Plaintiff further represents that his confinement will substantially impair his ability to litigate this matter and that his mental illness presents an additional obstacle to proceeding without counsel. *Id*. Plaintiff also suggests that, should this matter proceed to trial, the case may involve conflicting testimony, and court-appointed counsel would be better able to present evidence appropriately. *Id.* Upon review, the Court finds that Plaintiff has not demonstrated circumstances warranting appointment of counsel at this time.

First, as was the case with Plaintiff's first request for court-appointed counsel in this action, Plaintiff has not yet submitted a pleading sufficient for service. *See* Dkt. 7. Accordingly, at this juncture, Plaintiff has not demonstrated a likelihood of success on the merits as required to obtain court-appointed counsel.

Second, the present record does not establish Plaintiff's financial eligibility for court-appointed counsel. Although Plaintiff states that he is unable to afford counsel and represents that he has requested leave to proceed IFP, the Court has not received an IFP application or other financial affidavit from Plaintiff. Rather, the full filing has been paid. *See* Dkt. 4. Payment of the filing fee does not necessarily preclude Plaintiff from demonstrating that he lacks the financial resources to retain counsel. At present, however, Plaintiff has not submitted documentation from which the Court could make that determination.

Next, Plaintiff's representations concerning the difficulties posed by his confinement and mental illness also do not establish that appointment of counsel is warranted at this time.

Limitations ordinarily associated with confinement, standing alone, do not constitute the exceptional circumstances necessary for appointment of counsel. *See also Wilborn*, 789 F.2d at 1331 ("[A] *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case."). And, though a plaintiff's mental illness may be relevant to whether he is able to articulate his claims *pro se*, the Court observes that Plaintiff's filings thus far have been clear and understandable. Thus, on the present record, the Court does not find that Plaintiff's mental illness has impaired his ability to present his claims to such a degree that appointment of counsel is warranted at this stage.

Finally, Plaintiff's concerns regarding the presentation of conflicting testimony and evidence at trial are premature. This action has not yet proceeded beyond the pleading stage, and Plaintiff has not yet presented a complaint sufficient for service. Moreover, while court-appointed counsel may be helpful to Plaintiff in presenting evidence or preparing for trial, that fact does not itself establish the exceptional circumstances necessary for appointment of counsel. *See Rand*, 113 F.3d at 1525 ("[A]ny *pro se* litigant certainly would be better served with the assistance of counsel.").

## IV. CONCLUSION

For the above stated reasons, Plaintiff's second Motion to Appoint Counsel (Dkt. 8) is **DENIED without prejudice**. Plaintiff **MAY** renew his request for court-appointed counsel **ONLY** upon demonstration of materially changed circumstances from those addressed above.

Dated this 29th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge